The next case set for argument this morning is Rodriguez v. Barr, No. 18-1070. David Toscano Good morning, Your Honors, and may it please the Court. I am David Toscano from Davis Polk on behalf of Petitioner Nelson Rodriguez. As pro bono counsel for Petitioner, we were asked by a motion panel to brief whether conviction under New York Penal Law 130.653 constitutes an aggravated felony under the INA. The answer is no. This Court has twice questioned whether admitting to sexual conduct with a minor under New York law would be enough to establish sexual abuse of the minor under the INA. Don't we owe deference to the BIA's decision here under Chevron? You do not owe deference to the decision below. Interpreting the generic sexual abuse provision? This Court owes deference. Which is broad enough to encompass the conduct here, if you believe, if you accept the BIA's take on it? This Court owes deference to the Rodriguez-Rodriguez definition, which is a precedential decision, but which does not decide this case. This Court does not owe deference to the decision below, which is a non-precedential decision that purports to the law. And this Court does not owe deference to the decision below, which is a non-precedential  So there is a difference in the ruling under Chevron, which is where the statute is unclear, and a reasonable determination can be made by the agency. Chevron deference only applies, excuse me, to lawmaking acts of the agency. And under this Court's precedent, a precedential opinion is lawmaking for these purposes. A non-precedential BIA decision decided by a single member of the BIA is not subject to Chevron deference. Now, there has been some reference to Skidmore deference because the government understands that the decision below is not subject to Chevron deference. And first of all, regardless of the status, the current status of Skidmore deference, the decision below simply is not correct, it's not persuasive, and it should not be deferred to on that basis either. So in James v. Mukasey, this Court expressed concern about the breadth of section 1365.3, observing under that under New York law, a kiss on the mouth constitutes sexual contact. The minimum contact criminalized by section 130.653. Scalia, that's not binding precedent on S. James, right? James is not because James was arguably dicta. However, it was very well-considered dicta. Flores, however, is binding because Flores was a holding. That analysis of the breadth of section 130.653 in Flores was essential to the Court's conclusion that the deference to Skidmore deference was not harmless. For that reason, it is a holding that this Court is bound by. So in Flores, the Court admonished the BIA to consider whether the minimum conduct necessary to violate 130.653 is encompassed within 18 U.S.C. 3509a, this definition of sexual abuse. Sexual abuse is inclusive, right? It's not a fixed definition. It could be, it's capable of being, there could be additional items in there, correct? It's including those particular factors. It is inclusive, but it's very specific as to the topic. And the others, and you could use whatever, whatever the canon is for grouping, grouping terms that, to argue that it has to be similar if you're going to add something, but it's not, it's not definitive. It's not complete. I think that's exactly right. And I think under Mugali, that deference is a. Why isn't there room there for a broader definition that would encompass the conduct that you're talking about? The kissing on the mouth against the will of the child who is under 11, 11 years old or under. So I think there are at least. That's the hypothetical you're using here, right? Well, that's the hypothetical that this Court came up with in James and Flores. We're also using, and it's not a hypothetical. It's an actually decided case. You have touching, other touching of non-erotic zones, right? Right. So we've also come up, again, not with hypotheticals, but with actual cases in which the sexual conduct at issue or contact at issue was touching the neck or touching the navel. So it's even broader than just the mouth under the New York statute. If the person is 11 years old and the other person is doing it for sexual gratification, that should, you're saying that's not enough, that the BIA is wrong to take that view? It is enough under New York State law. It is not enough under the generic Federal offense that the BIA has defined. Which is a non-exclusive list, right? It's a broader definition of sexual contact and then a non-exclusive list of erotic zones. That's right. But if you look at the contact offense itself. So it doesn't reach, it doesn't reach the kind of conduct that we're talking about. Under the New York State law, yes. Because the, it says sexually explicit contact, conduct means actual or simulated sexual intercourse. That's a much higher standard than the New York sexual contact statute. And therefore, that's why the body parts that are identified and enumerated under 3509A are, you know, the inner thigh, the buttocks, and it's, those go to sexual intercourse, actual or simulated. New York is a sexual contact statute and it's much, much broader and therefore that's why it reaches, you know, the neck or the navel. So because the New York statute is so much broader, it is not, our client, Mr. Rodriguez, was not convicted of an aggravated felony under the INA and there is no grounds to deport him on that basis. Okay. Thank you very much. We'll hear from the government. Good morning, Your Honors. May it please the Court, Rebecca Nahas for the United States Attorney General. The Court should affirm the agency's finding here that the petitioner's conviction for touching the sexual or intimate body parts of a child under 11 years old for sexual gratification is sexual abuse of a minor. Petitioners claim that his conviction is overbroad as to the sexual contact element is based on a fundamental misunderstanding of the Board's approach to defining sexual abuse of a minor. The Board in Rodriguez-Rodriguez made it very clear it was not creating a definitive black and white standard. This isn't theft. This isn't burglary. There's not a discrete set of elements that Rodriguez set out. Instead, the Board explained that it was adopting a useful guide in identifying the types of crimes that would be deemed sexual abuse of a minor. And this Court has repeatedly deferred to that approach as reasonable. So are each of those elements critical to the Board's comparison of the federal of the INA provision and the state statute of conviction? That is, the age of under 11, the body part contacted, and the sexual gratification purpose. Are each of those elements, in the Board's view, a necessary component of an actionable conviction? Yes. I think that the idea is that the sexual contact and where it's directed and how minimal or not minimal it is, is irrelevant when the elements include a very young victim and the touching is done for sexual gratification. So it can be a non-erogenous zone, from your perspective? Yes. Yeah. Touching the hair of the child? Well, of course, Your Honor, the realistic probability applies and the state would have to prove beyond a reasonable doubt that the defendant had the purpose of sexual gratification. And I'll note that the New York State Courts define intimate body parts by looking at sort of a totality of the circumstance and looking at the context of the crime. And so, for example, the neck example that Petitioner has provided. In that case, the defendant stripped naked, got into a bed with a victim and kissed the victim's neck. And I think the court reasonably found in that context the neck was an intimate body part. So, yes, the government's position is that regardless of the touching, this crime falls within the heartland of sexual abuse of a minor. And every circuit court that I'm aware of to have looked at a statute similar to this one, the circuit courts have roundly... This is a categorical approach we're looking at, correct? Correct. So it's a question of whether it's possible for New York to prosecute a person for conduct that is not covered by the generic term as guided by 3509A. Am I correct? Yes and no. So the analysis is look at the elements of the state statute and then see if they fit within this broad umbrella term that this Court in Ouch referred to as a flexible and broad guide. And the answer is yes. If you look at the terms in 3509A. Let me ask you this. Does the area have to be, does the area touched have to be, quote, intimate, close quote? Leave aside whether it's sort of generally thought of as erogenous, but does it have to be intimate? No, Your Honor. In terms of the generic definition... Does it become intimate after you look at the totality of the... In New York, yes. The test is look at the context. You look at what body part was touched. You look at the context around it. And I forget, there's a third factor, but the Court looks at sort of the totality of the circumstances in New York. But the government's position is more nuanced. Touching is not required to be sexual abuse of a minor under the INA. And so it's sort of a red herring what body part the touching is directed at. Also, in evaluating the state statute, aren't we looking not just at the text of the statute, but whether there's a realistic probability that the state prosecutes a crime that goes to the full extent of the statute, potentially? But we look to the elements of the crime and what it ordinarily prosecutes, right? Correct. So, you know, petitioners claim that it could be a pat on the head or a handshake. That wouldn't be... There's no realistic probability that someone would be prosecuted for that type of conduct, yes, Your Honor. And, yeah, it is our position that even the neck example and the navel example, when it's done, it's directed at a very young child for the purpose of sexual gratification. There's no realistic probability that it doesn't fall within this really broad, flexible definition of sexual abuse of a minor that this court has repeatedly deferred to. And I just want to make one more point about the circuit courts, the 3rd, the 7th, the 9th, and the 11th have decided this exact statute in different states amounts to sexual abuse of a minor. And the courts grappled with the question that Your Honors are grappling with today as whether there's a certain level of touching required in order for it to be sexual abuse of a minor. And the circuit courts roundly have held that there's not even a requirement that there be a touching. And the 9th Circuit said when it involves a child under 13 or 14 in the 9th Circuit, it's per se abusive. And here we have a very young child for the purpose of sexual gratification. So unless Your Honors have any other questions, the government will submit on the briefs. Thank you. Thank you very much. Mr. Toscano, you have 3 minutes of rebuttal. Thank you. Judge Carney, I'd just like to start with a question you asked is how the realistic probability test fits in here. And it's really not an issue in this case because the examples that we're using of the breadth of the state statute, first of all, the kissing on the mouth was identified by this court in James. The other examples we've given, again, are not an exercise of the lawyer's imagination but are actual reported cases that, you know, involved convictions. So in terms of the touching of the neck, of the contact with the belly button... Again, where we have a victim who's under age 11 and the touching is for purposes of sexual gratification of the adult, it seems not surprising that the agency would consider that a sexual abuse of a minor. Wouldn't you agree? Well, there are other generic federal offenses that could be at issue. So I don't know that just because you see some... You know, that there could be a moral approbation of that, that there's actually... This is the generic federal offense that's at issue here. And, in fact, the petitioner was also, before the immigration judge, charged with a crime of child abuse, child neglect and child abandonment. And that was not decided by the BIA. So, you know, there are other ways to do this. But in terms of this offense, this is, again, the physical conduct aspect of this defense is simulated or actual sexual intercourse. In that context, it really doesn't make... It really is too broad to bring it to the extent of the New York statute. And, in fact, the BIA selected 3509A because of the breadth of that statute. It's because they didn't want to go with 18 U.S.C. 2243, which was much narrower. And the real issue is... Oh, my time is up. No, that's okay. Just make your last statement. So the real issue is whether there's actually some principled way of identifying the boundaries of the generic federal offense. The government says, well, there's no elements. This is flexible. This court has deferred to that definition. I think the deference cuts the other way. If this court has repeatedly deferred to the use of 3509 as a useful guide, I think you have to use 3509 as a guide. You can't just disregard what it says. Thank you very much. Thank you both. We'll reserve decision. And thank your firm and yourself for your service to the court and to your client on a pro bono basis. We appreciate it.